RALPH G. MURPHY v. STATE EMPLOYEES
RETIREMENT COMMISSION
(14121)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and F. X. HENNESSY, Js.

Argued March 21—decision released May 14, 1991

*Robert L. Hirtle, Jr.,* with whom, on the brief, was *Richard M. Porter,* for the appellant (plaintiff).

*Robert A. Whitehead,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* then attorney general, and *Charles A. Overend,* assistant attorney general, for the appellee (defendant).

PETERS, C. J. This administrative appeal, by way of reservation, concerns the continued eligibility of a retired state employee to receive his state pension after his appointment as a per diem Superior Court magistrate. The plaintiff, Ralph G. Murphy, filed a petition for a declaratory ruling with the defendant, the state employees retirement commission (commission), in

order to clarify his eligibility to continue to receive retirement benefits under General Statutes § 5-162.[1] The commission ruled that the plaintiff had reentered state employment by accepting the appointment as a magistrate, and that his pension would therefore be suspended, under General Statutes § 5-164a (c),[2] if he

[1] General Statutes § 5-162 provides in relevant part: "RETIREMENT DATE AND RETIREMENT INCOME. (a) The retirement income for which a member is eligible shall be determined from his retirement date, years of state service and base salary, in accordance with the schedule in subsection (c) or (d) below, whichever is appropriate."

[2] "[General Statutes] Sec. 5-164a. RETIREMENT CREDIT OF RETIRED EMPLOYEES WHO ARE REEMPLOYED OR ELECTED TO SERVE IN THE GENERAL ASSEMBLY. (a) Any person who has retired from the service of the state under any provision of this chapter and who is reemployed on a permanent basis may elect, upon completion of not less than six months of continuous service of reemployment or other state service, to make contributions to the retirement fund and resume membership in the retirement system. He may also elect to obtain credit for service for the period between the date of such reemployment or other state service and the date of such election, provided he shall contribute to the retirement fund for each month of such service a sum equal to the total contributions he would have paid if he had been a member of the retirement system during such period. Such payment shall be made within six months of the date on which his contributions to the retirement fund are resumed.

"(b) Any person who has retired from the service of the state under any provision of this chapter and who is elected to serve in the general assembly may elect, effective from the first day of his term of office, to make contributions to the retirement fund and resume membership in the retirement system.

"(c) No member reemployed under this section or under section 5-164 or elected to serve in the general assembly or otherwise reentering state service shall receive a retirement income during his reemployment or other state service except (1) if his services as an employee are rendered for not more than ninety working days in any one calendar year, provided that any member reemployed for a period of more than ninety working days in one calendar year shall reimburse the state retirement fund for retirement income payments received during such ninety working days; or (2) if his services are as a member of the general assembly or as a sessional employee of the general assembly during the regular legislative session, his retirement income payments shall not be suspended.

"(d) Upon the subsequent retirement of a member who has made an election under subsection (a), or upon the expiration of the term of office of

worked as a magistrate for more than ninety days during any calendar year. In accordance with General Statutes § 4-183,[3] the plaintiff appealed the commission's ruling to the trial court, which granted the parties' joint motion for reservation of a question of law[4] to the Appellate Court. We transferred the appeal here in accordance with Practice Book § 4023. Contrary to the ruling of the commission, we answer the reserved question "No."

The record establishes that the plaintiff began to receive retirement benefits as a member of the state employees retirement system after his retirement as an assistant attorney general on March 1, 1986. He became a Superior Court magistrate[5] on September 1, 1987, as the result of an appointment by the chief court

a member of the general assembly who has made an election under subsection (b), his retirement income shall be recomputed on the basis of his total period of credited state service, excluding any period for which a retirement salary was paid under (1) or (2) of subsection (c), and with his base salary recomputed on the basis of his three highest-paid years of his total state service."

[3] General Statutes § 4-183 provides in relevant part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section."

[4] The question reserved by the trial court is: "Does the appointment of a retired state employee, receiving benefits from the State Employees Retirement System pursuant to Chap. 66 of the Conn. Gen. Stat., as a Superior Court Magistrate pursuant to Conn. Gen. Stat. § 51-193*l* constitute reentering state service, as defined in Conn. Gen. Stat. § 5-154 (m), so that the retired employee's retirement income is suspended if the employee works 90 days in any one calendar year pursuant to Conn. Gen. Stat. § 5-164a (c)?"

[5] "[General Statutes] Sec. 51-193*l*. APPOINTMENT OF MAGISTRATES. SUBMISSION OF NAMES OF PROBATE JUDGES FOR APPROVAL AS MAGISTRATES. The chief court administrator shall make such orders and rules as he deems necessary to provide for the appointment of magistrates to hear and decide cases pursuant to the provisions of sections 51-193t and 51-193u. Any commissioner of the superior court, admitted to practice in this state for at least five years, who is able and willing to hear such cases designated in accordance with sections 51-193t and 51-193u may be appointed as a magistrate. Any probate judge who is a commissioner of the superior court admit-

administrator, which appointment has since been renewed annually. Magistrates serve the judicial department upon departmental determination of the need for their services, which may exceed ninety days per annum, and are compensated per diem on a basis other than the submission of a payroll to the comptroller. The plaintiff has not made retirement contributions with respect to the fees he has earned as a magistrate. In the state comptroller's filings with the Internal Revenue Service for the tax year 1987, the plaintiff's retirement benefits were reported on Form W-2P, while his magistrate's income was reported on Form 1099 Misc. as nonemployee compensation.

The plaintiff's continued eligibility for retirement benefits turns on the statutory provisions governing the state employees retirement system. The determinative statutory language is contained in General Statutes § 5-164a (c), which provides that "[n]o member . . . reentering state service shall receive a retirement income during his reemployment . . . except (1) if his services as an employee are rendered for not more than ninety working days in any one calendar year . . . ."

The commission ruled that the plaintiff had reentered state service by accepting appointment as a magistrate. The administrative hearing focused primarily on the question of whether a magistrate was an "employee" for the purposes of § 5-164a (c). On this issue, which the commission considered a mixed question of fact and law, it rejected the plaintiff's contention that he was an independent contractor and concluded instead that he was an employee. The commission noticed, but did

---

ted to practice in this state for at least five years may submit his name to the probate court administrator, who shall submit a list of such names to the office of the chief court administrator for approval to be placed on a list of available magistrates for one or more judicial districts."

not consider in depth, the light that the statutory definition of "state service" might shed on the plaintiff's pension eligibility.

In the plaintiff's appeal to the Superior Court, the plaintiff challenged not only the administrative determination that his service as a magistrate made him an employee but also the underlying administrative assumption that his judicial employment was "state service" for which a salary is paid. Both of these contentions have been renewed in the appeal in this court. We agree with the plaintiff's second contention, that his appointment was not a "reentry" into state service as that term is statutorily defined in the State Employees Retirement Act; General Statutes §§ 5-152 through 5-192x; and therefore need not consider his first contention. Under the governing statutes, the plaintiff is entitled to continue to receive pension payments because he is not, at the present, in "state service" for the reason that he is not now receiving a "salary."

Our determination of whether the plaintiff's employment as a state magistrate constitutes "reentering state service" in § 5-164a (c) must be informed by the definitions for the State Employees Retirement Act that are set out in General Statutes § 5-154. Subsection (m) of § 5-154 defines the term "state service" as "service with the state, either appointive or elective, for which a *salary* is paid." (Emphasis added.) Subsection (h) of § 5-154[6] in turn defines the term "salary"

---

[6] "[General Statutes] Sec. 5-154. DEFINITIONS. For the purposes of this chapter . . . (h) 'Salary' means (1) any payment, including longevity payments and payments for accrued vacation time under section 5-252, for state service made from a payroll submitted to the comptroller; and (2) the cash value of maintenance furnished by the state; and (3) fees received from the state in whole or in part in lieu of or in addition to item (1) above and established to the satisfaction of the retirement commission, to the extent that the employee has made retirement contributions on such fees; and (4) compensation paid by the United States to state employees who are

as "(1) any payment . . . for state service made from a payroll submitted to the comptroller . . . and (3) fees received from the state in whole or in part in lieu of or in addition to item (1) above and established to the satisfaction of the retirement commission, to the extent that the employee has made retirement contributions on such fees . . . ." For a person not on a state payroll, and not otherwise receiving a "salary," subsection (h) (3) establishes the *making* of retirement contributions as the basis for determining whether the receipt of per diem fees is to be characterized as "salary."

The plain language of these definitional provisions supports the plaintiff's continued eligibility to draw his retirement benefits regardless of his service as a magistrate for more than ninety days in any calendar year. The plaintiff's per diem fees concededly are not paid from a "payroll submitted to the comptroller." It is also the fact that the plaintiff has not "made retirement contributions on such fees."

The commission maintains, however, that the plaintiff had the right to elect to make retirement contributions under § 5-164a (a)[7] and that the existence of this option qualifies the fees received by the plaintiff as "salary." We disagree. We reject the commission's premise that a state employee's elective right to make retirement contributions is the statutory equivalent of the employee's having made retirement contributions.

---

employees of the United States Purchasing and Finance Office. Notwithstanding the provisions of section 5-208a, any state employee who is employed by more than one state agency during any week shall, for compensation earned on and after January 1, 1983, have all such compensation recognized for all purposes of the retirement program."

[7] See footnote 2, supra, for the text of General Statutes § 5-164a (a). We need not, in this case, decide whether the plaintiff's service as a magistrate qualifies as reemployment "on a permanent basis," which is a condition to eligibility "to make contributions and resume membership in the retirement system."

The legislature might well have defined "salary" in § 5-154 (h) (3) to include fees with respect to which the employee "has made or was entitled to make retirement contributions." To date, it has not done so. The legislature has determined instead to include fees within "salary" only when the employee has in fact made such retirement contributions. As the plaintiff suggests, the legislature's choice may reflect its awareness of the fact that the calculation of retirement income, under § 5-162, depends in large part upon a state employee's three highest paid years of state service. To the limited extent that case law preceding the current act has relevance, it supports the legitimacy of a legislative distinction, for retirement income purposes, between the receipt of a "salary" for "service with the state" and the receipt of fees for more irregular, part-time governmental services. *State ex rel. Hyde* v. *Dowe,* 129 Conn. 266, 271, 28 A.2d 12 (1942). Whatever the reasons for the legislature's decision, it had plenary authority to exercise its policy choice about continued eligibility for state retirement benefits. Cf. *Bartholomew* v. *Schweizer,* 217 Conn. 671, 681–82, 587 A.2d 1014 (1991). We have no warrant to override that choice.

To the reserved question: "Does the appointment of a retired state employee, receiving benefits from the State Employees Retirement System pursuant to Chap. 66 of the Conn. Gen. Stat., as a Superior Court Magistrate pursuant to Conn. Gen. Stat. § 51-193*l* constitute reentering state service, as defined in Conn. Gen. Stat. § 5-154(m), so that the retired employee's retirement income is suspended if the employee works 90 days in any one calendar year pursuant to Conn. Gen. Stat. § 5-164a (c)?", our answer is "No."

No costs will be taxed to either party.

In this opinion the other justices concurred.