[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES
In Murphy v. State Employees Retirement Commission,218 Conn. 729 (1991), the Connecticut Supreme Court rendered a decision in favor, of the plaintiff on a question reserved to it by this court. Thereafter this court (Goldstein, J.) on May 24, 1991 CT Page 7764 sustained the plaintiff's appeal in accordance with the aforementioned decision.
The plaintiff has made a motion for the award of his reasonable fees and expenses for this appeal pursuant to 4-184a
of the Connecticut General Statutes, which provides in pertinent part:
 In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the superior court under said section taken in accordance with section 51-197b, the court may, at its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification.
In this case the plaintiff, Ralph G. Murphy, filed a petition for a declaratory ruling with the defendant, the state employees retirement commission (Commission) in order to clarify his eligibility to continue to receive retirement benefits under5-162 of the Connecticut General Statutes. The Commission ruled that the plaintiff had reentered state employment by accepting the appointment as a Superior Court magistrate and that his pension would, therefore, be suspended under 5-164a(c) if he worked as a magistrate for more than ninety days during any calendar year.
The plaintiff filed an appeal pursuant to 4-183 of the General Statutes. Pursuant to the parties' stipulation, the question of law was reserved to the Appellate Court and the reservation was thereafter transferred to the Supreme Court.
The Supreme Court held that under the plain language of the State Employees Retirement Act (SERS), the plaintiff's service as a magistrate did not constitute a "reentry into state service" within the meaning of 5-164a(c) and, therefore, such service would not cause a suspension of the plaintiff's retirement income.
The Commission did not base its decision on an interpretation of the plain language of the SERS. It also failed to apply its own rationale found in two earlier decisions it had made concerning the same underlying issue. In In the Matter of Dennis J. Riley (January 22, 1989) and In the Matter of Walter J. Korona, (May 25, 1988) the petitioners sought to purchase retirement credit under 5-181 of the Claims Act. The Commissioner denied both petitioners the opportunity to purchase retirement credit for work performed for the State following CT Page 7765 retirement because they were not "employees." In reaching this conclusion the Commission looked to the following factors: 1) certain fundamental benefits like sick leave, personal leave, and holiday pay were not extended to the petitioner (Korona); 2) sporadic, infrequent nature of service; 3) per diem payment; and, 4) limited pay period (Riley).
In the present case the plaintiff's position as a magistrate had many of the same characteristics as those cited by the Commission in Riley and Korona to support its finding that those petitioners were not employees. Yet, in deciding that the plaintiff was an "employee" the defendant completely ignored the same factors which it had relied on in Riley and Korona. Instead of relying on the language of the SERS, or the rationale of its own prior decisions, the Commission decided the plaintiff's case based on a U.S. government publication entitled Social Security Explained which apparently contained a definition of "employee" and "independent contractor." In the face of clear statutory language and the Commission's own prior decisions which supported the plaintiff's claims, reliance on the aforementioned publication was not reasonable.
For the foregoing reasons this court finds that the defendant Commission's action in this case was undertaken without any substantial justification. The court finds that the plaintiff incurred reasonable attorney's fees in the amount of $7,780 and costs in the amount of $671.00. It is, therefore,
ORDERED that the defendant pay the plaintiff the amount of $7,500 attorneys fees.
BY THE COURT Aurigemma, J.